Bangs agt. Avery.

IsaiAH Bangs *et al.* agt. Elias Avery, Impleaded, &c.

An execution issued after defendant's bankrupt discharge, upon a judgment rendered before the discharge, and levied upon property alleged to have been acquired afterwards, will be allowed to retain its levy, until an action can be brought upon the judgment to try the validity of the discharge, where fraud is alleged in procuring the discharge.

*December Term,* 1845.

Motion to set aside *fi. fa.* and levy, &c.

In October term, 1839, the plaintiffs recovered a judgment in this court against the defendants for $7,965.45 in an action of covenant. On the 22d March, 1843, Elias Avery, one of the defendants, was discharged under the bankrupt law of the United States. In September last an execution was issued on the judgment, and levied upon property alleged by Avery to have been acquired after his discharge. The plaintiffs alleged fraud in the procuring of Avery's discharge.

A. Taber, *defendant's counsel.*

L. Farrar, *defendant's attorney.*

S. Matthews, *plaintiffs' counsel and attorney.*

Mr. Taber, for the defendant, insisted that this court would not try the question of the validity of a bankrupt's discharge upon affidavits; that the discharge, being the judgment of a court of competent jurisdiction, must be held to be valid until impeached by a judicial proceeding in the manner pointed out by the 5th section of the bankrupt act; that consequently, when the *fi. fa.* in question was issued, not only then, but up to this time *it must be taken to have been [*50] issued without any judgment to support it, the judgment having been discharged by the District Court of the United States. He also insisted that the *fi. fa.* was irregular and ought to be set aside absolutely; that the only mode in a court of law, of testing the validity of a bankrupt's discharge, was by action on the judgment, not by issuing an irregular and unauthorized execution.

JEWETT, Justice. Upon the authority of *Bangs & Olcott* agt. *Strong & Strong*, 1 *Howard's Practice Reports*, 181, retained the levy subject to a suit to be brought on the judgment, as in the case cited.